IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

REBECCA ROSS, as Personal Representative
of the ESTATE OF ELISA A. BELL and on
Behalf of the Wrongful Death Beneficiaries of
Elisa A. Bell,

    Plaintiff,

v.                                                                    No. 09-1094

MYLAN, INC.; MYLAN PHARMACEUTICALS,
INC.; MYLAN TECHNOLOGIES, INC. and
DOES 1 Through 97,

    Defendants.
_____

ORDER DENYING DEFENDANTS' MOTION TO DISMISS PUNITIVE DAMAGES CLAIM
_____

    The Plaintiff, Rebecca Ross, as personal representative of the Estate of Elisa A. Bell and on behalf of the wrongful death beneficiaries of Elisa A. Bell, initially brought this product liability action in the Circuit Court of Haywood County, Tennessee at Brownsville against the Defendants, Mylan, Inc.; Mylan Pharmaceuticals, Inc. ("MPI"); Mylan Technologies, Inc. ("MTI") (collectively, the "Mylan Defendants") and Does 1 through 97, on March 6, 2009. The matter was removed to this Court on April 24, 2009. Before the Court is the Mylan Defendants' motion to dismiss the Plaintiff's claim for punitive damages pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

    The Rule permits the Court to dismiss a complaint, or portions thereof, for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to survive a Rule 12(b)(6) motion, the complaint need not necessarily be pleaded with "detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (citations omitted). Factual allegations of a complaint "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." Id. at 555-56, 127 S. Ct. at 1965 (citations omitted). The key inquiry is whether the facts in the complaint set out "a claim to relief that is plausible on its face." Id. at 570, 127 S. Ct. at 1974. In Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), the United States Supreme Court explained that analysis under Rule 12(b)(6) requires a two-pronged approach. First, the reviewing court should determine what allegations within the complaint can be classified as "legal conclusions" and disregard them for purposes of deciding the motion. Id. at 1949. Second, the court should evaluate the remaining portions of the complaint – i.e. the well-pleaded facts–and ascertain whether they give rise to a "plausible suggestion" of a claim. Id. at 1950. The court "must accept as true all of the factual allegations contained in the complaint," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Erickson v. Pardus, 551 U.S. 89, 93-94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); Twombly, 550 U.S. at 556, 127 S. Ct. at 1965 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S. Ct. at 1949 (citation omitted).

   The Plaintiff has alleged causes of action for strict product liability, negligence, negligent misrepresentation and breach of warranty in connection with the death of Elisa A. Bell, who died of fentanyl intoxication due to her use of a fentanyl transdermal system manufactured by MTI and distributed by MPI. She seeks compensatory and punitive damages.

Under Tennessee law, the court may award punitive damages if the plaintiff demonstrates by clear and convincing evidence that the defendant acted intentionally, fraudulently, maliciously or recklessly.  Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 (Tenn. 1992).

> A person acts intentionally when it is the person's conscious objective or desire to engage in the conduct or cause the result.  A person acts fraudulently when (1) the person intentionally misrepresents an existing, material fact or produces a false impression, in order to mislead another or to obtain an undue advantage, and (2) another is injured because of reasonable reliance upon that representation.  A person acts maliciously when the person is motivated by ill will, hatred, or personal spite.  A person acts recklessly when the person is aware of, but consciously disregards, a substantial and unjustifiable risk of such a nature that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances.

Id. (internal citations omitted).  The Mylan Defendants argue that Ross has not pled any facts indicating that they acted intentionally, fraudulently, maliciously or recklessly.  In response, the Plaintiff points to the following allegations in her complaint:

> 14.    . . . if it be necessary, Plaintiff would show that the [Mylan fentanyl transdermal system patch (the "Patch")][1] was designed, manufactured, sold, supplied, and/or marketed in a negligent, grossly negligence [sic], or defective condition and such negligence, gross negligence, malice, and defects were a legal cause of Decedent's death and the damages claimed herein.

>             *       *       *

> 17.    The negligent, careless and reckless conduct of the Defendants, as alleged above, was a proximate cause of Decedent's death and the damages asserted herein.

>             *       *       *

---

[1]According to the complaint, the Patch is a matrix patch containing the drug fentanyl, which is an extremely dangerous drug at least eighty times stronger than morphine and classified as a Schedule II controlled substance by the Food and Drug Administration ("FDA"). (Compl. ¶ 7.)  It is generally used to relieve pain and is applied by the patient to the skin. (Compl. ¶¶ 7-8.)

    20.    Therefore, Plaintiffs bring this cause of action against the Mylan Defendants under the theory of negligent representation for the following reasons:

*    *    *

    b.    The Mylan Defendants, individually and through their agents, representatives, distributors and/or employees negligently represented material facts about the Patch in the course of their business in that they made such misrepresentations when they knew or reasonable [sic] should have known of the falsity of such misrepresentations. Alternatively, the Mylan Defendants made such misrepresentations without exercising reasonable care to ascertain the accuracy of these representations;

*    *    *

    25.    In addition to the foregoing, the Mylan Defendant's conduct was of such a character and degree as to constitute intentional misconduct or gross negligence. The Mylan Defendants either: (a) had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage or (b) their conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.

(Compl. ¶¶ 14, 17, 20(b), 25.)

The Court finds that the Plaintiff's allegations are sufficient to state a claim of at least reckless conduct on the part of the Mylan Defendants. *See* Lucarelli v. DVA Renal Healthcare, Inc., No. 2:08-cv-0049, 2008 WL 2924162, *5-6 (S.D. Ohio Jul. 23, 2008) (applying Ohio law, dismissal of punitive damages claims under Fed. R. Civ. P. 12(b)(6) not warranted where plaintiff alleged medical service provider knew or should have known of serious risk posed by hemodialysis treatments but continued to administer to decedent, and thus sufficiently alleged reckless conduct). Accordingly, the motion is DENIED.

IT IS SO ORDERED this 20th day of August, 2009.

                                      s/ J. DANIEL BREEN

4

UNITED STATES DISTRICT JUDGE